IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOMER L. PERREN,

        Plaintiff,                                ORDER

v.

                                                 13-cv-141-wmc

STEVE HELGESON,

        Defendant.

---

      Plaintiff Homer Perren, a patient at the Sand Ridge Secure Treatment Center, has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a motion and affidavit for leave to proceed *in forma pauperis*.

      However, I cannot determine whether plaintiff is indigent until he submits a trust fund account statement for the six-month period immediately preceding the filing of his complaint. This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

Plaintiff will have to provide a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis*. Because plaintiff's complaint was submitted on February 26, 2013, his resident account statement should cover the period beginning approximately August 26, 2012 and ending approximately February 26, 2013. If plaintiff fails to submit the required statement within the deadline set below, then I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff may have until March 22, 2013, in which to submit a certified copy of his resident account statement beginning approximately August 26, 2012 and ending approximately February 26, 2013. If, by March 22, 2013, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 27th day of February, 2013.

BY THE COURT:

*s/ Peter Oppeneer*
PETER OPPENEER
Magistrate Judge